USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 5 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
L.A. PRINTEX INDUSTRIES, INC., a       :
California Corporation,
                                       :
                                                09 Civ. 4206 (KBF)
                  Plaintiff,           :
        -v-                            :        MEMORANDUM OPINION
                                                & ORDER
PRETTY GIRL OF CALIFORNIA, INC., a     :
New York Corporation, individually
and doing business as "Pretty Girl;"   :
PRETTY GIRL, INC., a New York
Corporation; ALBERT NIGRI, an          :
Individual; and DOES 1-10,
                                       :
                  Defendants.
------------------------------------- X

KATHERINE B. FORREST, District Judge:

   This is a case in which size is entirely disproportionate to duration. On May 15, 2008, L.A. Printex Industries, Inc. ("plaintiff") first commenced this copyright infringement action against Pretty Girl of California, Inc., a New York Corporation, doing business as "Pretty Girl" and John Does 1-10, in the Central District of California (Compl. at 1); plaintiff amended its complaint on July 28, 2008, to add Albert Nigri, owner of Pretty Girl, as a defendant (Am. Compl. ¶ 7 (Dermesropian Decl. Ex. 2)). The action was transferred to this Court on April 29, 2009. (Dkt No. 1.) Plaintiff has not pursued any claims against the John Does. After a prolonged period of almost no discovery other than two, two-hour depositions (plaintiff took one and defendant took one), plaintiff has moved for summary

judgment; defendants argue only that laches should preclude summary judgment but barring that, urges that this Court (1) find that its infringement was not willful, (2) that each party bear its own attorneys' fees and costs and (3) and that this Court award minimum damages.  (See Mem. of Law in Opp. to Pl.'s Mot. for Summ. J. ("Defs.' Mem.") at 7-12, 16.)  It is clear that if there ever was anything worth fighting over in Federal Court, which this Court doubts, it is time to put an end to it.

For the reasons set forth below, this Court GRANTS summary judgment for plaintiff as to liability, and DENIES summary judgment as to monetary relief.

FACTS

Plaintiff did not submit a statement of uncontested facts as required by Local Rule 56.1.  While this Court has the discretion to deny this motion on that basis alone, this litigation has gone on long enough and the issues are essentially uncontested in any event.

It is undisputed that in 2004 plaintiff obtained a copyright registration in a print of stylized flowers and leaves.  (See Compl. Ex. 2.)  It is also uncontested that plaintiff is in the business of offering textile designs and print services to fabric converters and garment manufacturers in

the apparel industry. (Nah Decl. ¶ 2.) It is uncontested that on April 1, 2005, an employee of plaintiff purchased a single skirt from a retail store owned by defendant on Staten Island, New York for approximately $10. (Nah Decl. ¶ 5, Ex. C. See also Nigri Dep. Tr. at 12:23-14:5, 21:17-21, 22:18-21 (Taylor Decl. Ex. A, May 27, 2011).) Nigri concedes that the designs of the copyrighted work and the skirt sold in his store are nearly identical. (See Nigri Dep. Tr. at 24:3-4.) Defendant has not argued that it did not have access to the copyrighted work.

Defendant Nigri has closed the Staten Island store at which the skirt was purchased. (Nigri Dep. Tr. at 27:20.) He has been unable to locate any records relating to the store or the purchase of the skirt that bore the copyrighted design. (See Nigri Dep. Tr. at 27:7-10, 21-24.)

DISCUSSION

1. Standard of Review

Summary judgment is proper only if the evidence demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. E.g., Yurman Studio, Inc. v. Castaneda, 591 F. Supp. 2d 471, 482 (S.D.N.Y. 2008). "As a general rule, all ambiguities and all inferences drawn from the underlying facts must be resolved in favor of the party contesting the motion, and all uncertainty as

to the existence of a genuine issue for trial must be resolved against the moving party." Prince Group v. MTS Prods., 967 F. Supp. 121, 124 (S.D.N.Y. 1997). "[I]t is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." Yurman Studio, Inc., 591 F. Supp. 2d at 482 (internal punctuation omitted); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). For that reason, courts are generally "wary of granting summary judgment in copyright infringement cases because of their highly fact specific nature." Yurman Studio, Inc., 591 F. Supp. 2d at 496 (citing Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980)).

2. Copyright Infringement

In order to prevail on a motion for summary judgment for copyright infringement, plaintiff must show that there is no disputed issue of material fact regarding (1) ownership of a valid registration, and (2) defendants' infringement of plaintiff's copyright by violating one of the exclusive rights bestowed upon the copyright holder by 17 U.S.C. § 106. Rogers v. Koons, 960 F.2d 301, 306 (2d Cir. 1992). Defendant has not disputed that plaintiff has a valid registration in the floral design at issue.

There is also no dispute of material fact that defendant "infringed" the copyrighted work without permission. Plaintiff "can [] be liable as the distributor of an authorized copy" because "[a]mong the exclusive rights that the Copyright Act bestows upon copyright owners is the right 'to distribute copies . . . of the copyrighted work.'" Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005) (quoting 17 U.S.C. § 106(3)). Accordingly, defendant's sale of the skirt with plaintiff's floral design constitutes an act of infringement. (See e.g. Nah Decl. Ex. C.)

Defendant Nigri concedes that his store sold the skirt with the copyrighted pattern. (See e.g., Nigri Dep. Tr. at 18:25 - 19:5.) Defendants' brief in opposition to this motion also effectively contains admissions that are outside of the factual record, stating, "plaintiff was informed that the number of garments sold was minimal (not more than 120 pieces) . . . ." and "in light of defendants' innocent infringement and plaintiff's design having very little value, [we respectfully request] that the Court award minimum damages. . . ." (Defs.' Mem at 16.)

3. Laches

The only defense that defendants have put forward on this motion is that recovery should be barred by laches. (See Defs.'

5

Mem. at 7-12.) This action was timely commenced within the three-year statute of limitations for copyright actions. See 17 U.S.C. § 507(b). Defendant claims that delay in commencing suit has prejudiced him insofar as he has since closed the store on Staten Island and lost any records that might assist him in this action. (See Defs.' Mem. at 11.) Nevertheless, there is no issue as to liability for infringement — defendants' arguments relate to "sales" information, presumably regarding the number of skirts sold with the infringing work. Id.

Although "the role of laches in barring a copyright infringement claim is uncertain" in the Second Circuit, see Legislator 1357 Ltd. v. Metro-Goldwyn-Mayer, Inc., 452 F. Supp. 2d 382, 392 (S.D.N.Y. 2006), courts have generally declined to apply the equitable doctrine of laches to otherwise timely commenced copyright infringement claims, see Price v. Fox Entm't Grp., Inc., No. 05 Civ. 5259, 2007 WL 241387, at *3 (S.D.N.Y. Jan. 26, 2007) ("I conclude that laches may not be used to bar timely filed copyright infringement claims, both legal and equitable, that do not involve ongoing infringement."). The exception in this District appears to be those cases that involve ongoing infringement — i.e., "although the action was timely because the last act of infringement occurred within the three-year period, the plaintiff had been on notice of its claim

long beforehand due to previous acts of infringement that spanned many years." Id. (citing cases where there was evidence plaintiffs had knowledge of ongoing infringement for 7 and 40 years). This case does not present such an issue.

Here, the Court declines to apply the laches doctrine because there is no triable issue of material fact as to liability and no fact that defendant's claim they might have had regarding a defense to liability had the action been commenced sooner.

Plaintiff's motion for summary judgment as to liability is therefore GRANTED.

4. Monetary Relief

"Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request that statutory damages under 17 U.S.C. § 504(c) be awarded." Island Software, 413 F.3d at 263. The Court may grant anywhere between $750 and $30,000 for each copyright infringed. Id. "If the defendant's infringement was willful . . . the district court may [], in its discretion, enhance the statutory damages award to as much as $150,000 per infringed work." Id. (citing 17 U.S.C. § 504(c)(2)).

Plaintiff here requests that this Court grant summary judgment as to willfulness or, in the alternative, a statutory award of $30,000. (Mem. of Law in Supp. of Mot. for Summ. J. ("Pl.'s Mem.") at 10-12.) The Court declines to find that the infringement was willful based on a lack of evidence. Because a finding of willfulness may factor in to this Court's "wide discretion" to impose statutory damages, summary judgment will also not be granted on plaintiff's request that it be awarded $30,000. See Island Software, 413 F.3d at 265 ("Since, in setting statutory damages [at $30,000], the district court relied, at least in part, on an erroneous conclusion that willfulness had been established as a matter of law, we believe it prudent to vacate its damages award and remand for further proceedings."). Accordingly, a "victory" on infringement could prove financially unsatisfying for plaintiff. That is a determination for another day.

So too is plaintiff's request for sanctions, costs and attorneys' fees. Plaintiff alleges that these damages are justified because defendant has failed to produce any documents related to the garment at issue. (Pl.'s Mem. at 12-13.)

"A district court has broad authority to impose sanctions for violations of discovery obligations, such as the spoliation of evidence or failure to comply in a timely manner with an

appropriate discovery request." See R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 22 (S.D.N.Y. 2010). In order for this Court to impose sanctions, it must find that defendant acted with a culpable state of mind (which, in the Second Circuit, may include negligence). Id. Based on the record before the Court, no such finding can be made. There are disputes regarding, inter alia: whether defendant ever had the type of records that plaintiff seeks (see Nigri Dep. Tr. at 27:5-10; Pl.'s Mem. at 12-13); whether defendant ever received a "cease and desist letter" from plaintiff (see Nah Dep. Tr. at 13-15; Defs.' Mem. at 2), thus possibly putting defendants on notice to preserve any evidence; the culpability of defendants, even if those records did once exist, in not being able to produce them, especially given that plaintiff alleges the letter was sent approximately two and one-half years after the infringement (see Nah Dep. Tr. at 42:2-7). On the current record, the Court is not inclined to award fees or costs.

As a result of the above issues of material fact, plaintiff's motion for summary judgment as to monetary relief is DENIED.

CONCLUSION

For the reasons set forth above, this Court GRANTS plaintiff's motion for summary judgment as to liability, and

DENIES it as to monetary relief. Unless the parties waive a trial by jury, the issues of the amount of statutory damages (which would be a single award based on the infringement of a single work; not, for instance, an award multiplied by 120 — the award could be as little as $750, see H.R. Rep. No. 94-1476 at 162 (1976) ("A single infringer of a single work is liable for a single amount between $250 and $10,000 [now $750 and $30,000], no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series.")) and a willfulness determination shall be tried to a jury. The parties are to notify the Court by letter no later than March 16, 2012, whether they wish the Court to determine damages or whether they wish to proceed before a jury.

SO ORDERED.

Dated:   New York, New York
         March 5, 2012

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge