```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
L.A. PRINTEX INDUSTRIES, INC.,                    ECF Case
a California Corporation,                         Civ.No.1:09-cv-04206-KBF
         Plaintiff,

         -against-

PRETTY GIRL OF CALIFORNIA, INC.,
a New York Corporation, individually and doing
business as "PRETTY GIRL";
PRETTY GIRL, INC., a New York Corporation;
ALBERT NIGRI, an Individual; and DOES 1-10,
         Defendants
---------------------------------------------------------------X
```

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE

Dated: May 17, 2012

Schnader Harrison Segal & Lewis, LLP
Attorneys for Plaintiff
140 Broadway
New York, New York 10005
Telephone: (212) 973-8125
Facsimile: (212) 972 - 8798
Email: Ktaylor@schnader.com

**I.     INTRODUCTION**

Plaintiff L.A. Printex by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion in Limine to preclude the presentation of any argument, testimony and/or evidence related to the Defendant's sales or profits in this case, other than what was provided during the discovery period (i.e., specifically excluding information provided after the close of discovery that was the subject of a prior Court Order of exclusion).

**II.    SUMMARY OF RELEVANT FACTS**

The case against Defendants was originally filed in the Central District of California transferred to this Court. Since the inception of this case Plaintiff has been asking for sales information regarding the offending garments and was consistently told that Defendants had no such information. After the close of discovery, when Plaintiff could no longer test the information provided, Defendants sought leave to produce information about its sales that was, in fact, on their computer system the entire time. Judge Holwell issued an order denying Defendants' request to reopen discovery (see Order, April, 13, 2011).

**III.   ARGUMENT**

Despite repeated requests by Plaintiff, Defendants failed to provide any information regarding their sales of the offending garments prior to the close of discovery in this case. It was only after the close of discovery, when Plaintiff no longer had the ability to conduct any follow up discovery or otherwise test the information, that Defendants finally provided information about their infringing sales – information that they admit was on their computer the entire time. As Judge Holwell indicated in his

order, to allow in evidence of Defendants' sales that was withheld during discovery without any substantial justification would unduly prejudice Plaintiff.

Based on the foregoing, Plaintiff prays that the Court issue an Order *in limine* precluding Defendants from putting forth any evidence or argument about the amount of infringing product sold other than what it provided during the discovery period.

## V. CONCLUSION

For the reasons stated herein, Plaintiff strongly asks the Court for the remedies set forth above.

Respectfully submitted,

SCHANDER HARRISON
SEGAL & LEWIS LLP
Attorneys for Plaintiff

By: _____/S/_____
Kevin C. Taylor (KT1993)
140 Broadway
New York, New York 10005
Telephone: (212) 973-8125
Facsimile: (212) 972 - 8798
Email: Ktaylor@schnader.com