IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
L.A. PRINTEX INDUSTRIES, INC.,         ECF Case
a California Corporation,         Civ.No.1:09-cv-04206-KBF
        Plaintiff,


        -against-


PRETTY GIRL OF CALIFORNIA, INC.,
a New York Corporation, individually and doing
business as "PRETTY GIRL";
PRETTY GIRL, INC., a New York Corporation;
ALBERT NIGRI, an Individual; and DOES 1-10,
        Defendants
-----------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE NO. 2


Dated: May 17, 2012

Schnader Harrison Segal & Lewis, LLP
Attorneys for Plaintiff
140 Broadway
New York, New York 10005
Telephone: (212) 973-8125
Facsimile: (212) 972 - 8798
Email: Ktaylor@schnader.com

## I.    INTRODUCTION

Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") respectfully requests that the Court exclude any evidence of other lawsuits, filed by Plaintiff or otherwise involving Plaintiff, for the reason that it would be unduly prejudicial, irrelevant, and entirely improper.

## II.    ARGUMENT

This Court should exclude all testimony, evidence and argument concerning Plaintiff's other lawsuits, because they are entirely irrelevant to the instant case. Federal Rule of Evidence 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.[1]

The existence and status of Plaintiff's other copyright infringement lawsuits is irrelevant here.  First, those lawsuits do not involve the designs at issue in this case. Second, those lawsuits do not involve the same parties or facts that are present in this case.  Third, evidence concerning Plaintiff's other lawsuits has absolutely no tendency to make the fact that Plaintiff holds a valid copyright for the designs at issue in this case or that Defendants sold infringing garments less probable.  Indeed, such evidence has no bearing on either the validity of Plaintiff's copyrights or Plaintiff's infringement claims.  Consequently, such evidence does not concern a fact that is of consequence to the determination of this case.  The only facts that are of consequence to the determination of this copyright infringement case are: (1) those concerning whether

---

[1] The Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; *United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004) (stating that rule 401's only requirement is that the proffered evidence have a tendency to prove a fact in issue).

Plaintiff holds valid copyrights; and (2) those concerning whether garments sold by Defendants bear designs that are substantially similar to Plaintiff's copyrighted designs.

Additionally, the potential probative value of testimony, evidence and argument concerning Plaintiff's other lawsuits is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time and judicial resources. Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[2]

The rule requires that the Court balance the probative value of evidence against its prejudicial effect. Here, even if the Court found that evidence concerning Plaintiff's other lawsuits relevant, it should still exclude such evidence on the grounds that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and waste of time. *See, e.g., Engquist v. Oregon Dept. of Agricultire*, 478 F.3d 985 (9th. Cir. 2007), *aff'd, Engquist v. Or. Dep't of Agric.*, 128 S. Ct. 2146 (2008) (prior state court judgment in a similar law suit by a co-worker of the plaintiff was relevant but it was properly excluded as unfairly prejudicial and confusing).

For instance, reference to Plaintiff's other lawsuits for the sole purpose of characterizing Plaintiff as a vexatious litigant would be unfair and highly prejudicial for Plaintiff to have to refute. Certainly it serves no purpose other than to confuse the jury and distract from the case at bar to argue over the merits of unrelated lawsuits. Similarly, admittance of evidence concerning Plaintiff's other lawsuits would result in a

---

[2]   See *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1339 (9th Cir. 1985) (trial court did not abuse its discretion by excluding evidence that was collateral, confusing, and prejudicial as "the probative value as well as the harmful consequences that might flow from its admission must be assessed.").

substantial waste of time. Specifically, their admittance would require Plaintiff to address those other actions to avoid any negative perception, and in so doing will be forced to litigate mini-trials over those matters within this trial – all for no good reason. The Court's time is valuable and should not be wasted dealing with irrelevant and collateral issues.

Because the risk of unfair prejudice, confusing the issues, misleading the jury and undue consumption of time would substantially outweigh any minimal probative value, the Court should exclude any testimony, evidence and argument concerning Plaintiff's other copyright infringement cases unrelated to the design at issue in this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court prevent all Defendants from introducing testimony, evidence or argument concerning lawsuits unrelated to the design at issue in this case.

Dated: May 17, 2012

Respectfully submitted,

SCHANDER HARRISON
SEGAL & LEWIS LLP
Attorneys for Plaintiff

By: _____/S/_____
Kevin C. Taylor (KT1993)
140 Broadway
New York, New York 10005
Telephone: (212) 973-8125
Facsimile: (212) 972 - 8798
Email: Ktaylor@schnader.com